**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| *Yaacov Apelbaum,*<br><br>Plaintiff,<br><br>vs.<br><br>*Charles C. Johnson,*<br><br>Defendant | Case No. 26-cv-4170 |

**ORIGINAL COMPLAINT**

Plaintiff Yaacov Apelbaum files this Complaint against Defendant Charles C. Johnson and alleges as follows:

**I. PARTIES**

1. Plaintiff Yaacov Apelbaum is an individual and a citizen of the State of New York, residing in Nassau County, New York. He is the founder and chief executive of XRVision, Ltd., a technology company that provides video-analytics and open-source-intelligence software and services.

2. Defendant Charles C. Johnson is an individual and a citizen of the State of Maryland, residing at 9 Featherwood Court, Apartment 44, Silver Spring, Maryland 20904, in Montgomery County. He publishes a newsletter on the Substack platform under his own name and communicates with others through social-media and messaging platforms.

## II. JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1). Plaintiff is a citizen of New York; Defendant is a citizen of Maryland; and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over Defendant because he is domiciled in Maryland.

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendant resides in this District, and this action is properly assigned to the Southern Division under Local Rule 501 because Defendant resides in Montgomery County.

## III. FACTS

### A. Plaintiff, and the adjudicated falsity of the "Israeli spy" accusation

6. Plaintiff grew up in Israel, served in the Israel Defense Forces ("IDF") as a young man, and completed his military service in 1987. He immigrated to the United States, became a United States citizen, and has lived and worked in this country for decades. He is no longer a citizen of Israel. Since separating from the IDF and moving to the United States, he has not, and has never been, an agent, employee, asset, or operative of the Government of Israel, of any Israeli intelligence or security service, or of any other foreign government.

7. In October 2020, after the New York Post published its reporting on a laptop computer that had belonged to Robert Hunter Biden, Plaintiff was asked by Americans involved in the matter to assist in evaluating the authenticity of material from that laptop. He did so as a private analyst. His involvement began on or about October 18, 2020, four days after the story had already been published.

8. Beginning in January 2024, a writer named Jordan Arthur Bloom published articles falsely stating that Plaintiff is "an Israeli spy" involved in shaping the Hunter Biden laptop story.

Plaintiff and XRVision sued Bloom for defamation in the United States District Court for the Eastern District of Virginia. *Apelbaum v. Bloom*, No. 1:25-cv-147-MSN-WBP.

9. On April 27, 2026, a federal jury returned a verdict finding, by clear and convincing evidence, that Bloom's statements that Plaintiff is an Israeli spy were false, defamatory, and published with actual malice, and awarding Plaintiff and XRVision compensatory and punitive damages. On August 7, 2026, the district court upheld the verdict as to liability in full.

**B. Defendant's history with Plaintiff**

10. Defendant has published false accusations about Plaintiff since at least November 2023. On November 17, 2023, two months before Bloom's first article, Defendant published a post on his Substack newsletter stating that "Yaacov Apelbaum still is an Israeli spy" and that Plaintiff had helped "set up Hunter Biden." On January 31, 2024, Defendant published another post describing Plaintiff as an "IDF intelligence asset," republishing Bloom's statements, and quoting a published news report in which Plaintiff had denied any intelligence affiliation — which Defendant dismissed with the words "Yeah, alright." Those publications are pleaded as background and as evidence of Defendant's knowledge and state of mind, not as separate claims.

11. Defendant is a judgment debtor. On July 29, 2025, the United States District Court for the Northern District of Texas entered a final judgment against him for more than $71,000,000 in *Point Bridge Capital, LLC v. Johnson*, No. 4:24-cv-00988-P, after a jury found that he had defamed the plaintiffs in that case by fabricating accusations of criminal conduct and foreign-intelligence connections. That court has since held Defendant in civil contempt and placed his assets in receivership.

**C. The October 6, 2025 publication**

12. On or about October 6, 2025, Defendant published on his Substack newsletter, to his subscribers and to the public, a post titled "What Should We Do With Bibi's Fifth Column in America?" (the "October 6 Post").

13. In the October 6 Post, Defendant stated, among other things, that: (a) "[b]y any objective measure Apelbaum works with Israeli military intelligence, or the IDF"; (b) Plaintiff was "a key part of running the operation against Hunter Biden"; (c) Bloom "has rather conclusively shown in court proceedings" that Plaintiff is "certainly an agent of Israeli military intelligence"; (d) "Bob Shillman has funded both Loomer and, I'm told, Yaakov Apelbaum"; and (e) "[o]ne of Apelbaum's business partners is none other than Mati Kochavi, who is an Israeli-American billionaire linked to military technology."

14. Each of those statements is false. Plaintiff does not work with Israeli military intelligence or the IDF. He did not run any "operation against Hunter Biden." No court proceeding had shown, conclusively or otherwise, that Plaintiff is an agent of Israeli military intelligence; as of October 6, 2025, the only ruling in the Bloom litigation was the denial of Bloom's motion to dismiss, and the proceedings have since conclusively shown the opposite. Plaintiff has not received funding from Robert Shillman or any entity affiliated with him, and he has no business relationship with Mati Kochavi.

**D. The October 2025 messages to Laura Loomer**

15. Laura Loomer is a journalist and political commentator. For several years, Plaintiff had provided research assistance to Ms. Loomer, and the two maintained a professional relationship that Plaintiff reasonably expected to continue.

16. On or about Sunday, October 5, 2025, and continuing through on or about October 7, 2025, Defendant sent Ms. Loomer a series of text messages concerning Plaintiff (the "Electronic Messages").

17. In the WhatsApp Messages, Defendant stated, among other things, that Ms. Loomer was "[m]aking a big mistake using Yaacov Apelbaum"; that she should "[s]tay away from him"; that Defendant "[w]on't be able to protect you"; that she "need[ed] to make it clear that you aren't working with Apelbaum"; that Plaintiff "is under investigation"; that Plaintiff "is an Israeli spy"; that Plaintiff "has admitted it in court filings"; that Plaintiff is "IDF military intelligence to be precise"; that Ms. Loomer should "DO NOT associate with him"; and that Plaintiff is "being paid to sue."

18. Each of those statements is false. Plaintiff is not an Israeli spy and is not an agent of IDF military intelligence. To Plaintiff's knowledge, he is not under investigation by any authority. He has never admitted any intelligence affiliation in any court filing; no such filing exists. He is not being paid to sue anyone.

19. Ms. Loomer contradicted Defendant in real time. In the same exchange, she told Defendant that Plaintiff is not an Israeli spy ("No he isn't"; "He's not a spy"), that Plaintiff had not admitted any such thing in court filings ("No he hasn't"), that Plaintiff had "sued people who made claims like that," and that "[h]is opponent lost his motion to dismiss." Defendant persisted in his accusations notwithstanding those corrections.

**E. Defendant's knowledge of falsity and reckless disregard for the truth**

20. Defendant published the October 6 Post and the Electronic Messages with knowledge that they were false or with reckless disregard for their truth. Among other things: (a) Defendant had read and quoted, in January 2024, a news report in which Plaintiff denied any

intelligence affiliation, and dismissed it; (b) Defendant knew that the Bloom litigation was pending and that Bloom's motion to dismiss had been denied, and nonetheless asserted that the litigation had "conclusively shown" Plaintiff to be an Israeli agent; (c) Ms. Loomer corrected Defendant's statements as he made them, and he repeated them; (d) Defendant had no source for the statements that Plaintiff was "under investigation," had "admitted it in court filings," or was "being paid to sue," and he identified none; and (e) Defendant has an adjudicated history, in the Point Bridge litigation, of fabricating accusations of foreign-intelligence connections against persons he regards as adversaries.

21. Defendant published the statements with ill will toward Plaintiff and with the purpose of injuring him, including by causing Ms. Loomer and others to sever their relationships with him, as the WhatsApp Messages expressly urged.

**F. Injury**

22. The statements accuse Plaintiff of covert activity in the United States as an agent of a foreign government — conduct that federal law requires to be registered and that in some circumstances is a crime — of being the subject of a criminal investigation, of having sworn falsely in court filings, and of pursuing corrupt litigation. They impute to Plaintiff conduct incompatible with his profession and business, which depend on the trust of United States government and commercial customers. They are defamatory per se.

23. Plaintiff has suffered injury to his reputation, standing in his profession and community, and business, together with humiliation and mental anguish, in an amount to be determined at trial.

**IV. COUNT I — DEFAMATION**

24. Plaintiff incorporates the preceding paragraphs.

25. Defendant published false and defamatory statements of fact about Plaintiff to third parties, including to his Substack subscribers and the public in the October 6 Post and to Ms. Loomer in electronic Messages.

26. The statements are false, are defamatory per se, and were published with knowledge of their falsity or with reckless disregard for their truth, and with ill will toward Plaintiff.

27. Plaintiff is not a public official or public figure with respect to the matters at issue; in the alternative, Defendant published the statements with actual malice.

28. As a direct and proximate result, Plaintiff has suffered the injuries described above and is entitled to compensatory damages, presumed damages, and punitive damages.

## V. COUNT II — TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

29. Plaintiff incorporates the preceding paragraphs.

30. Plaintiff had an existing professional relationship with Ms. Loomer and a reasonable expectation that it would continue. Defendant knew of that relationship.

31. Defendant intentionally and improperly interfered with that relationship by means of the false and defamatory WhatsApp Messages, which directed Ms. Loomer to "[s]tay away from" Plaintiff, to "DO NOT associate with him," and to "make it clear that you aren't working with Apelbaum," and which warned that Defendant "[w]on't be able to protect" her if she did not.

32. As a direct and proximate result, Plaintiff suffered damage to that relationship and to his business, in an amount to be determined at trial.

## VI. PRAYER FOR RELIEF

Plaintiff requests that the Court enter judgment in his favor and against Defendant and award: (a) compensatory damages in an amount to be determined at trial; (b) presumed damages

for defamation per se; (c) punitive damages; (d) pre- and post-judgment interest; (e) costs of court; and (f) such other relief as the Court deems just.

**VII. JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**/s/ Jonathan S. Gross ------**
Jonathan S. Gross
D. Md. Bar No. 21800
Law Office of Jonathan Gross
2833 Smith Avenue, Suite 331
Baltimore, Maryland 21209
(443) 813-0141
jonathansgross@gmail.com
Counsel for Plaintiff

**/s/ Ty Clevenger --------**
Ty Clevenger
Texas Bar No. 24034380
131 Woodbine Street
Brooklyn, New York 11221
(979) 985-5289
(979) 530-9523 (fax)
tyclevenger@yahoo.com
Counsel for Plaintiff
(application for admission to the bar of this Court forthcoming)